```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

TIMOTHY NELSON,                    )
                                   )
            Petitioner,             )
                                   )
      v.                            )      No. 4:07-CV-991-TCM
                                   )
KEITH SHAFFER,                      )
                                   )
            Respondent.             )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Timothy Nelson for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. Therefore, the Court grants petitioner leave to proceed in forma pauperis.

**The petition**

Petitioner, a civilly-committed resident of the Missouri Sexual Offender Treatment Center, filed this action for a writ of habeas corpus seeking injunctive relief against respondent Keith Shaffer. Petitioner asserts numerous conditions-of-confinement claims, and he states that he "has a pending complaint against the current & past administration of (MSOTC) involving the December 17, 2004 incident. See Nelson vs. Dorn Shuffman, Case Number 4:06-CV-674-JCH."

It is a well-settled general principle that a habeas corpus petition is the appropriate means to challenge the "actual fact or duration" of one's confinement, see Heck v. Humphrey, 512 U.S. 477, 481 (1994), whereas a civil rights claim is the proper means to challenge the "conditions" of one's confinement. See Viens v. Daniels, 871 F.2d 1328, 1333 (7th Cir. 1989); see also White v. Gittens, 121 F.3d 803, 807, n. 3 (1st Cir. 1997) (noting applicability of general rule to § 1983 actions for both declaratory relief and damages). Consistent with this general rule, conditions-of-confinement claims against state actors may be brought as a civil rights suit for damages and/or injunctive relief pursuant to 42 U.S.C. § 1983. Thus, to the extent that petitioner is seeking injunctive relief in the instant action, his recourse is under § 1983, not habeas corpus.

As such, this Court must dismiss the instant habeas petition, but notes that dismissal is without prejudice to a future habeas corpus action, following exhaustion of state remedies, or to any constitutional claims, including Fourteenth and Eighth Amendment claims of deliberate indifference, which petitioner may bring in this Court under 42 U.S.C. § 1983.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to respondent, because the action shall be dismissed, without prejudice. See 28 U.S.C. § 2243.

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #3] and motion for default judgment [Doc. #5] are **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 29th day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE